Filed 8/23/23  P. v. Saakyan CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GAYK SAAKYAN,<br><br>    Defendant and Appellant. | B325194<br><br>(Los Angeles County<br>Super. Ct. No. PA057735) |

_____

APPEAL from an order of the Superior Court of Los Angeles County, Michael Terrell, Judge.  Affirmed.

Carlo Andreani, under appointment by the Court of Appeal, for Defendant and Appellant.

No Appearance for Plaintiff and Respondent.

_____

## MEMORANDUM OPINION[1]

Defendant and appellant Gayk Saakyan appeals the trial court's denial of his petition for resentencing pursuant to Penal Code[2] section 1172.6 (former § 1170.95[3]).  We find no error and affirm.

## A.    Procedural Background

A second amended information, filed on December 11, 2012, charged Saakyan with five counts of willful, deliberate and premeditated attempted murder (§§ 187, subd. (a), 664) along with other offenses not relevant to this appeal.  As to the five attempted murder counts, the second amended information specially alleged, in part, that Saakyan personally used and intentionally discharged a firearm causing great bodily injury (§ 12022.53, subd. (d)).

A jury convicted Saakyan of the five willful, deliberate and premeditated attempted murder counts and found true the special allegations of firearm use.  The trial court sentenced Saakyan to consecutive life terms for three of the attempted murders, plus 25 years to life on each of those counts for the section 12022.53, subdivision (d), enhancements.  The court

---

[1] We resolve this case by memorandum opinion because it "is determined by a controlling statute which is not challenged for unconstitutionality and does not present any substantial question of interpretation or application."  (Cal. Stds. Jud. Amin., § 8.1(1).)

[2] All unspecified statutory references are to the Penal Code.

[3] The Legislature renumbered the statute as section 1172.6, with no change in text, effective June 30, 2022 (Stats. 2022, ch. 58, § 10).  For ease of reference, we use the current citation at section 1172.6 throughout this opinion.

imposed concurrent terms for the other two attempted murder counts as well as for the attendant enhancements. We affirmed Saakyan's conviction in an opinion filed on April 24, 2014. (*People v. Saakyan* (Apr. 24, 2014, B246476) [nonpub. opn.].)

On March 21, 2022, Saakyan filed a petition for resentencing under section 1172.6 and requested appointment of counsel. The trial court appointed counsel for Saakyan. After further briefing from both parties, and without holding an evidentiary hearing, the court concluded that Saakyan was ineligible for relief as a matter of law because the record of conviction showed that he was the actual shooter and had a specific intent to kill.

Saakyan then appealed. We appointed counsel to represent Saakyan, and his appellate counsel filed a brief raising no issues and requesting that we exercise our discretion to independently review the record for error pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). In *Delgadillo*, our Supreme Court established procedures for cases in which counsel determines that an appeal from an order denying postconviction relief lacks merit. In such cases, "(1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter." (*Id.* at pp. 231-232.) If the defendant does not file a supplemental brief, we "may dismiss the appeal as abandoned." (*Id.* at p. 232.) In that instance, we do "not need to write an opinion but should notify the defendant when [we] dismiss[ ] the matter." (*Ibid.*)

3

Because a defendant who has been denied postconviction relief has no constitutional right to an appeal, we are not required to conduct an independent review of the record before dismissing the appeal, but we may conduct such a review at our discretion. (*Id.* at pp. 227-228, 232.)

If the defendant does file a supplemental brief or letter, we are "required to evaluate the specific arguments presented in that brief and to issue a written opinion.  The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues." (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

On June 16, 2023, we notified Saakyan by letter of the no-merits brief filed by his counsel and informed him that he had 30 days to file a supplemental brief.[4]  At Saakyan's request, we granted him an extension to file his supplemental brief; we received his brief on July 31, 2023.

## B.    Saakyan Is Ineligible for Relief Under Section 1172.6

Section 1172.6 was enacted by the Legislature in 2018 as part of Senate Bill No. 1437 (2017-2018 Reg. Sess.).  The overall purpose of the legislation was "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life."  (Stats. 2018, ch. 1015, § 1, subd. (f).)  To accomplish this, the bill added section

---

[4] In a declaration submitted with the brief he filed, Saakyan's counsel averred that he sent Saakyan a copy of counsel's brief along with a copy of the entire record on appeal.

4

189, subdivision (e) "to amend the felony-murder rule," and added section 188, subdivision (a)(3) "to amend the natural and probable consequences doctrine." (*People v. Gentile* (2020) 10 Cal.5th 830, 842-843.) Senate Bill No. 775 (2021-2022 Reg. Sess.) later expanded section 1172.6 to allow persons convicted of attempted murder under the natural and probable consequences doctrine to apply for resentencing. (Stats. 2021, ch. 551, § 2.)

As relevant here, section 1172.6 provides a mechanism for a defendant to seek resentencing where (1) an information was filed against the defendant that allowed an attempted murder prosecution to proceed under the natural and probable consequences doctrine, and (2) the defendant could not now be convicted of attempted murder under the present law. (§ 1172.6, subd. (a).) Saakyan does not meet this eligibility test, because he was not prosecuted based on the natural and probable consequences doctrine. Instead, Saakyan's attempted murder prosecution and subsequent convictions were based solely on him being the actual shooter. In its verdict forms, the jury expressly found to be true that Saakyan committed each of the five attempted murders willfully, deliberately and with premeditation, and that he personally and intentionally discharged a firearm as part of each attempted murder.

Saakyan is therefore ineligible for resentencing under section 1172.6, and the trial court did not err in summarily denying his resentencing petition. (*Delgadillo, supra*, 14 Cal.5th at p. 233; *People v. Patton* (2023) 89 Cal.App.5th 649, 656-657.) Saakyan's supplemental brief does not deny he was the actual shooter; it does claim that Saakyan "had no inteant [*sic*] or premeditation to kill anyone" and provides an alternative history

5

of why he shot at the five victims.[5]  That is not sufficient for relief in light of the jury's express findings that Saakyan acted with premeditation and personally and intentionally shot at the victims.  Section 1172.6 is a legislative act of lenity that provides a resentencing procedure to give defendants serving otherwise final sentences the benefit of changes to applicable criminal laws; it does not provide a mechanism for a new trial.  (*Estrada v. Superior Court* (2023) 93 Cal.App.5th. 915, 925.)  The version of events in Saakyan's brief (which the jury clearly rejected) does not raise a cognizable issue on appeal because " '[n]o factfinding, weighing of evidence, or credibility determinations' were or are necessary here" given that Saakyan is ineligible for relief because " '[t]he record of conviction irrefutably establishes as a matter of law that' [Saakyan] was convicted as the actual perpetrator of the attempted murder.  [Citation.]" (*People v. Patton*, *supra*, at p. 658.)

Finally, we decline counsel's request that we independently review the record, as nothing before us suggests such an exercise is necessary.  (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

---

[5] Saakyan's supplemental brief also criticizes actions by the prosecutor and defense attorney in his case.  Those criticisms are not relevant to Saakyan's eligibility for relief under section 1172.6 and we therefore do not address them.

**DISPOSITION**

The trial court's order denying Saakyan's petition for resentencing is affirmed.

NOT TO BE PUBLISHED


WEINGART, J.


We concur:



ROTHSCHILD, P. J.



BENDIX, J.